Filed 12/4/23  P. v. Anderson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN JARED ANDERSON,<br><br>    Defendant and Appellant. | H050145<br>(Santa Cruz County<br> Super. Ct. No. F25697) |

In 2015, defendant Nathan Jared Anderson was sentenced to 15 years 8 months in prison for a series of car thefts committed in 2013.  In 2022, he was resentenced to 13 years 8 months in prison.  He appeals, contending that the resentencing court did not properly exercise its discretion under Senate Bill No. 81 (2021–2022 Reg. Sess.) to strike a five-year prior serious felony enhancement for his 2009 arson conviction.  We will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

Defendant pleaded no contest to carjacking (Pen. Code, § 215, subd. (a)), attempted carjacking (Pen. Code, §§ 215, subd. (a), 664), two counts of evading a peace officer (Veh. Code, § 2800.2), and two counts of vehicle theft (Veh. Code, § 10851, subd. (a)).  He admitted having suffered two prior prison terms (former Pen. Code, § 667.5, subd. (b)), one prior strike (Pen. Code, § 667, subds. (b)–(i)), and one prior serious felony conviction for arson of a vehicle (Pen. Code, §§ 451, subd. (d), 667, subd. (a)) in 2009.  Under the plea agreement, 13 additional counts were to be dismissed

after sentencing. All of the charged crimes took place between October 8 and 16, 2013. Because they occurred at different times, the probation officer recommended consecutive sentences totaling 31 years in prison. The trial court imposed concurrent sentences on the attempted carjacking count and the two vehicle theft counts and sentenced defendant to a total of 15 years 8 months in prison, including a five-year prior serious felony conviction enhancement.

When defendant was initially sentenced in 2015, the trial court did not have discretion to strike a prior serious felony conviction and the associated five-year sentence enhancement. After legislative changes giving trial courts that discretion, defendant's sentence was recalled in 2019 on recommendation of the Secretary of the Department of Corrections and Rehabilitation under Penal Code section 1170, subdivision (d) for the trial court to consider striking the five-year enhancement. The court declined to modify the sentence. According to the minute order from the hearing, the trial court based its decision on the "facts and circumstances of the convicted [*sic*] offense and the defendant's performance at CDCR."

Defendant again sought resentencing in 2022, this time on the grounds that his two one-year prior prison term enhancements were no longer valid due to various statutory amendments. At the hearing on the petition, defense counsel also asked the court to strike the five-year prior serious felony enhancement under Penal Code section 1385. The court struck the two prior prison term enhancements, but did not strike the serious felony conviction enhancement. After stating that defendant was "very fortunate" not to have received the originally recommended sentence of 31 years in prison, and finding no "clear and convincing evidence that reduction would present a danger to the community," the court reduced defendant's sentence by two years but made no further modification.

## II.   DISCUSSION

Defendant's sole contention on appeal is that the trial court abused its discretion under Penal Code section 1385 by not striking the serious felony conviction

2

enhancement. Under Penal Code section 1385, subdivision (c), which was added by Senate Bill No. 81, a trial court must "consider and afford great weight" to evidence of specified mitigating circumstances when determining whether to strike a sentencing enhancement. (Pen. Code, § 1385, subd. (c)(2). Further statutory references are to this Code, and unspecified subdivision references are to this section.) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*)

The trial court determines whether "it is in the furtherance of justice to" strike an enhancement. (§ 1385, subd. (c)(1).) We review the trial court's ultimate determination for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374–376 (*Carmony*).) We review de novo questions of law or statutory interpretation regarding the scope of the court's discretion. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)

Defendant identifies two mitigating factors that he argues the trial court was required to consider in his case: childhood trauma (§ 1385, subd. (c)(2)(E)), and the age of his prior arson conviction (subd. (c)(2)(H)). With respect to the first factor, section 1385, subdivision (c)(2)(E) requires a court to give great weight to evidence that the "current offense is connected to prior victimization or childhood trauma." Evidence of a defendant's prior victimization or childhood trauma may include "police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts" from which the sentencing court may conclude that victimization or childhood trauma "substantially contributed to the defendant's involvement in the commission of the offense." (*Id.*, subd. (c)(6)(A), (B).) Defendant cites only to defense counsel's statement at the resentencing hearing that "molestation at the age of five" was "one of the factors" leading to the drug addiction underlying his crime spree. Absent support for counsel's argument in the form of "relevant and credible evidence"—which is lacking in this record—the trial court lacked any basis for

3

concluding that defendant's offenses were "connected to" prior victimization or childhood trauma. (*Ibid.*)

Defendant identifies the age of his 2009 arson conviction as a second mitigating factor, noting that the conviction was "over five years old" (§ 1385, subd. (c)(2)(H)) both when he was first sentenced in 2015 and when he was resentenced in 2022. The Attorney General urges that the age of the conviction should be calculated based on the dates of defendant's 2013 crimes, not his 2015 sentencing or 2022 resentencing for those crimes. In support of that interpretation, the Attorney General points to various statutes and sentencing guidelines from other jurisdictions that may have served as models for Senate Bill No. 81. We acknowledge the logic of the Attorney General's position, but we need not consider any legislative history, as the plain language of the statute is clear and unambiguous. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) Section 1385 refers simply to striking an enhancement if it "is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)). We interpret the Legislature's choice of the present tense in subdivision (c)(2)(H) to mean five years between the date of the prior conviction and the time the court is deciding whether to strike the enhancement. Had the Legislature intended to direct an alternative calculation, it could have done so expressly, just as other state legislatures evidently have.

Assuming subdivision (c)(2)(H) applies as defendant suggests, we see no abuse of discretion by the trial court in declining to strike the enhancement. The mitigating circumstance of the age of the prior conviction weighed greatly in favor of striking the enhancement, absent a finding that doing so would endanger public safety. (§ 1385, subd. (c)(2).) Relying on *People v. Walker* (2022) 86 Cal.App.5th 386, rev. granted Mar. 22, 2023, S278309 (cited only in the reply brief), defendant argues that the trial court was *required* to strike the enhancement unless it made such a finding. The *Walker* court found that the presence of at least one mitigating circumstance "erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that

4

dismissal of that enhancement—with the resultingly shorter sentence—would endanger public safety." (*Id.*, at p. 391.) However in *People v. Ortiz* (2023) 87 Cal.App.5th 1087, rev. granted Apr. 12, 2023, S278894 (*Ortiz*), we declined to follow *Walker* and its "formalistic reading of the provision." Although "the Legislature has invested the enumerated mitigating circumstances with great weight," this court reasoned, "to require the trial court to dismiss an enhancement absent a finding that dismissal would endanger public safety would divest the trial court of its ultimate discretion under the statute to determine what is in furtherance of justice, considering all relevant factors." (*Ortiz*, at p. 1098.) As we have noted, both *Walker* and *Ortiz* are currently under review by the California Supreme Court.

Defendant also cites *People v. Lipscomb* (2022) 87 Cal.App.5th 9 and *People v. Mendoza* (2023) 88 Cal.App.5th 287, which concerned other mitigating circumstances identified in section 1385, namely an enhancement producing a sentence of over 20 years (§ 1385, subd. (c)(2)(C)). Both courts confirmed that trial courts are not required to strike enhancements if they find that doing so would endanger public safety. Although neither otherwise considered the scope of a trial court's discretion, the *Mendoza* court noted without deciding that "if the court does not find that dismissal of the enhancement would endanger public safety and the defendant proves any of the remaining seven mitigating circumstances (§ 1385, subd. (c)(2)(A), (D)–(I)), then the proven circumstances weigh 'greatly in favor of dismissing the enhancement' (§ 1385(c)(2)), but the court is not required to dismiss the enhancement if the court otherwise concludes that dismissal is not 'in the furtherance of justice' (§ 1385(c)(1))." (*Mendoza*, at p. 297, fn. 6.) We read the statute similarly.

According to defendant, reading the statute in that way renders Senate Bill No. 81 meaningless because trial courts already had discretion to strike enhancements in furtherance of justice before its enactment. Courts clearly had such discretion before Senate Bill No. 81, and the bill added specific factors that trial courts must affirmatively

consider in deciding whether to strike enhancements.  But as we noted in *Ortiz*, "this does not preclude a trial court from determining that countervailing factors—other than the likelihood of physical or other serious danger to others—may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice."  (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1093.)  Here the trial court's oral remarks at the resentencing hearing are consistent with a determination that the single demonstrated mitigating factor—the age of the prior conviction—was outweighed by other factors, including what the trial court described as the "outrageous" nature of defendant's offenses.  Because the record shows the trial court properly considered and weighed the relevant factors, we find no abuse of discretion.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

## III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H050145**
*The People v. Anderson*